UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

EZ TAG CORPORATION,

              Plaintiff,                      11-CV-4685 (DAB)

        v.                             Honorable Deborah A. Batts
                                      United States District Judge

CASIO AMERICA, INC. and
CASIO COMPUTER CO., LTD.,

              Defendants.

-------------------------------------------------------------x


**MEMORANDUM OF LAW OF DEFENDANTS CASIO AMERICA, INC. AND
CASIO COMPUTER CO., LTD. IN SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)(5) & (6)**


SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 643-7000

*Attorneys for Defendants*
*Casio America, Inc. and*
*Casio Computer Co., Ltd.*


Of Counsel and On the Brief:
   Scott D. Stimpson, Esq.
   Katherine M. Lieb, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND ............................................................................................................... 3

      A.    The Raylon Actions ............................................................................. 3

      B.    The Allegations of the Complaint ....................................................... 5

ARGUMENT ..................................................................................................................... 6

    I.     THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE
           *TWOMBLY/IQBAL* PLEADING STANDARD ................................... 6

      A.    Standard of Review ............................................................................. 6

    II.    EZ TAG FAILS TO STATE A CLAIM FOR INDEMNIFICATION
          UNDER THE UCC ................................................................................ 8

      A.    Raylon's Claim for Infringement Was Not "Rightful" ...................... 9

           1.    EZ Tag's Failure to Sufficiently Plead ....................... 9

           2.    Judicial Estoppel:  EZ Tag's Summary Judgment Win ............... 9

           3.    The Raylon Claims Were Entirely Meritless ............................. 10

      B.    Casio Delivered the Accused Products Free From Raylon's Claims
           of Infringement ................................................................................. 12

      C.    EZ Tag is Not Entitled to Attorneys' Fees Under the UCC .................. 13

    III.   EZ TAG'S COMMON LAW INDEMNIFICATION CLAIM SHOULD
          BE DISMISSED .................................................................................. 15

    IV.   EZ TAG'S COMPLAINT SHOULD BE DISMISSED AS TO CASIO
          COMPUTER FOR IMPROPER SERVICE ...................................... 16

CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*84 Lumber Co. v. MRK Techs., Ltd.*,
   145 F. Supp. 2d 675 (W.D. Pa. 2001)........................................................................ 9, 10

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009).......................................................................................... 6, 7

*Bell Atlantic Corp. v. Twombly*,
   50 U.S. 544, 555 (2007) ........................................................................................ 6

*Bey v. City of New York*,
   2010 U.S. Dist. LEXIS 99645 (S.D.N.Y. Sept. 20, 2010)................................................. 7

*Brass v. Am. Film Techs., Inc.*,
   987 F.2d 142 (2d Cir. 1993).................................................................................... 8

*Casio Computer Co., Ltd. v. Sayo*,
   1999 U.S. Dist. LEXIS 14675 (S.D.N.Y. Sept. 20, 1999)................................................ 16

*Charas v. Sand Tech. Sys. Int'l, Inc.*,
   1992 U.S. Dist. LEXIS 15227 (S.D.N.Y. Oct. 7, 1992) .................................................. 17

*Chemtron v. Aqua Prods.*,
   830 F. Supp. 314 (E.D. Va. 1993) .......................................................................12, 13

*Combier-Kapel v. Biegelson*,
   242 Fed. App'x 714 (2d Cir. 2007) .......................................................................... 7

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000)..................................................................................... 9

*Equitable Lumber Corp. v. IPA Land Dev. Corp.*,
   38 N.Y.2d 516, 381 N.Y.S.2d 459, 344 N.E.2d 391 (1976)............................................. 13

*Fitzgibbon v. Sanyo Sec. Am., Inc.*,
   1994 U.S. Dist. LEXIS 8386 (S.D.N.Y. June 21, 1994) ................................................. 17

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
   2011 U.S. Dist. LEXIS 61008 (E.D. Ca. June 8, 2011).................................................. 15

*In Re O.P.M. Leasing Services*,
   61 B.R. 596, 604 (Bankr. S.D.N.Y. 1986) ................................................................. 1

# TABLE OF CONTENTS
(continued)

*Mancini v. CSX Transp., Inc.*,
  2010 U.S. Dist. LEXIS 75724 (N.D.N.Y July 27, 2010) ..................................... 16

*Mangiafico v. Blumenthal*,
  471 F.3d 391 (2d Cir. 2006) ............................................................................ 7

*Mathis v. United Homes, LLC*,
  607 F. Supp. 2d 411 (E.D.N.Y. 2009) .............................................................. 15

*Motorola, Inc. v. Varo, Inc.*,
  656 F. Supp. 716 (N.D. Tex. 1986) ...............................................................12, 13

*Neri v. Retail Marine Corp.*,
  30 N.Y.2d 393, 285 N.E.2d 311, 334 N.Y.S.2d 165 (1972) ................................ 13

*Oberstein v. SunPower Corp.*,
  2010 U.S. Dist. LEXIS 41402 (E.D.N.Y. Apr. 28, 2010) ..................................... 7

*Simon v. Safelite Glass Corp.*,
  128 F.3d 68 (2d Cir. 1997) ............................................................................ 10

**OTHER AUTHORITIES**

35 U.S.C. § 285 ................................................................................................ 4

Fed. R. Civ. P. 4 .....................................................................................16, 17, 18

Fed. R. Civ. P. 12(b)(5) ...............................................................................3, 16, 17

Fed. R. Civ. P. 12(b)(6) .................................................................................. 2, 6

N.Y. U.C.C. § 2-312 ...................................................................................*passim*

N.Y. U.C.C. § 2-725 ........................................................................................ 3

Restatement Second of Contracts (1981) .......................................................... 14

## PRELIMINARY STATEMENT

EZ Tag Corporation ("EZ Tag") brought this meritless complaint against Casio Computer, Co., Ltd. ("Casio Computer") and Casio America, Inc. ("Casio America") (collectively, "Casio") in an effort to recover attorneys' fees incurred in connection with a wholly frivolous patent infringement suit brought by Raylon, LLC ("Raylon") against EZ Tag, Casio, and others (the "Raylon litigation") in the United States District Court for the Eastern District of Texas (the "Raylon Court"). The Raylon litigation involved a patent for a system for investigation and issuance of traffic citations, and Casio handheld computers used in combination with EZ Tag software were among the accused products.

One of the several oddities of EZ Tag's Complaint is that there was never a finding of liability against EZ Tag. On the contrary, in the Raylon litigation, EZ Tag joined in a motion for summary judgment of non-infringement against Raylon, and had all claims against it dismissed on that basis. But now EZ Tag has a different goal, and it is before a different judge in a different federal court. Here EZ Tag flip-flops and takes a completely inconsistent position. Specifically, despite its successful summary judgment win in Texas, EZ Tag now must take the position that the Raylon claims were "rightful" all along (as required for any UCC indemnification). EZ Tag should be judicially estopped, and precluded from asserting such wholly inconsistent positions before two different federal judges.

EZ Tag seeks all its fees from Casio (its former supplier), even though what we believe to be the majority of EZ Tag's accused products in the Raylon case were not manufactured by Casio – the manufacturers of those products (which we suspect to be EZ Tag's current manufacturers who also refused EZ Tag's indemnification requests) are not named as parties to this litigation.

There are at least three separate and independent reasons why EZ Tag's claim under the New York Uniform Commercial Code ("UCC")[1] should be dismissed for failure to state a claim under which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"):

(1) The UCC only requires indemnification for "rightful" claims of infringement, and the Raylon claims were utterly frivolous.  EZ Tag does not plead that Raylon's claims were rightful, nor could it, particularly in light of the grant of summary judgment of non-infringement to EZ Tag in the Raylon litigation.

(2) The UCC only requires that goods be *delivered* free of infringement.  EZ Tag changed the Casio products by adding software and incorporating them in the EZ Tag system, and this is the reason why Raylon accused the EZ Tag products of infringement (as stated in Raylon's formal Infringement Contentions).  The law provides no obligation for Casio to indemnify against claims generated by EZ Tag's additions to the products.

(3)  The text of the UCC does not provide for recovery of attorneys' fees.  Nor does the law recognize recovery of attorneys' fees to indemnified parties for third party litigations unless there was a contract between the parties, a breach of the contract that caused the litigation, and the indemnifying party had reason to foresee the litigation when the contract was signed.  There was no contract between Casio and EZ Tag as the EZ Tag Complaint admits, the EZ Tag software is what caused Raylon to sue (not any alleged breach by Casio), and EZ Tag does not plead (nor could it) that Casio could have foreseen the Raylon litigation.  Not even one of the three requirements for the recovery of fees is present.

---

[1] For purposes of this motion, we will assume that EZ Tag is correct that the New York UCC applies.

EZ Tag's common law claim for indemnification likewise fails.  In order to establish a claim for common law indemnification, the party seeking indemnification must show, at a minimum, that it has been held liable for some injury.  Here, EZ Tag was not found liable for infringement to Raylon, and on the contrary, all of Raylon's claims were dismissed against EZ Tag pursuant to the summary judgment decision.  EZ Tag's common law claims must fail.

While the Complaint should be dismissed in its entirety on any one or more of these substantive grounds, it can also be dismissed against Casio Computer under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Rule 12(b)(5)") for insufficiency of service of process.  EZ Tag attempted to serve Casio Computer in Japan twice by overnight mail – a method of service that this Court has repeatedly held improper under the Hague Convention and the laws of Japan.

For any and all of these reasons, we respectfully request that this Court dismiss the Complaint in its entirety with prejudice.[2]

## BACKGROUND

### A.    The Raylon Actions

On August 10, 2009, Raylon filed three separate complaints against various companies, alleging infringement of United States Patent No. 6,655,589 ("the '589 Patent.")  (Declaration of Scott D. Stimpson (hereinafter "*Stimpson Decl.*"), Exs. A, B & C.)  The Raylon Complaint alleges that "[t]he '589 Patent covers a system for identification investigation and traffic citation issuance."  (*Stimpson Decl.*, Ex. D, at 3, ¶ 9.)  The '589 Patent system includes a "programmed

---

[2] Casio also strongly suspects that certain timing considerations will bar EZ Tag's claims.  The UCC imposes a four-year statute of limitations (which runs from the date of purchase), and consequently, EZ Tag's claims for purchases prior to July 8, 2007, are barred.  *See* N.Y. U.C.C. Law § 2-725.  Additionally, the Raylon patent lapsed from December 31, 2007 to June 1, 2009, thereby barring EZ Tag's claims during this one and a half year time period, too.  These issues are not ripe at this time for purposes of this motion, but show another fatal problem with EZ Tag's claims.

hand-held device having housing, input assembly, transceiver, and display, which is used with a printer for printing out traffic citations or other information." (*Id*.)  Casio was named as a defendant in all three actions, and EZ Tag was named as a defendant in one of the three cases. (*Id.*, Exs. A, B, & C.)  The infringement allegations in all cases were utterly frivolous.

In each case, Raylon accused Casio's handheld computers with the software and other acts of the "integrators" – companies like EZ Tag that added their software to the products and incorporated them into a bigger system.  (*Id.*, Exs. D, E, at 37:17-22, & F.)  Consequently, Raylon expressly defined the "Accused Instrumentality" in its formal, court-ordered Infringement Contentions for the EZ Tag case as "Casio IT 3000 and 3100 ___with EZ Tag Programming___." (*Id.*, Ex. F, Infringement Contentions Chart at 1 (emphasis added)).  Raylon brought three separate cases specifically to account for the fact that different integrator software and equipment was identified as part of the accused instrumentality.  (*Id.*, Ex. E, at 37:17-22.)

One day after its Answer, Casio filed a motion for summary judgment of non-infringement in the related *Raylon v. Complus Data Innovations* action, addressing just one of the many missing claim elements, and that motion was granted orally on December 2, 2010 for all three cases, followed by a written opinion entered on March 23, 2011.  (*Id.*, Exs. A & G.) Casio (and a number of other defendants) also filed Rule 11 motions, which were denied at the District Court level, with Judge Davis nevertheless finding that the Raylon allegations were "stretching the bounds of reasonableness."  (*Id.*, Exs. A, B, C, & E, at 38:19-20.)  The Rule 11 motions only addressed one of numerous missing claim elements, however, and presently Casio and other defendants have motions pending for all their fees and costs pursuant to, *inter alia*, 35 U.S.C. § 285.  (*Id.*, Exs. A, B, & C.)  Casio is confident that it will secure an award of fees, and a reversal of the Rule 11 decision at the United States Court of Appeals for the Federal Circuit.

4

(Inexplicably, EZ Tag allowed the time for filing a fees motion to pass, and thus waived its right to pursue fees and costs from Raylon.)

While Casio and others prepared and pursued successful motions for summary judgment, a default judgment was entered against EZ Tag.  (*Id.*, Ex. C, at No. 21.)  EZ Tag's counsel spent considerable resources extricating EZ Tag from that situation, and also wasted resources trying to dismiss the case for lack of personal jurisdiction and to transfer the case to another forum (only later to voluntarily withdraw that motion so it could join in the success of Casio's summary judgment motion).  (*Id.*, Exs. C & G, at 2 n.1.)

No cross-claims for indemnification were ever filed by any integrator against any manufacturer in any of these Texas District Court actions.  (*Id.*, Exs. A, B, & C.)  Raylon accused the EZ Tag software in combination with the products of two other manufacturers, Honeywell and Symbol, yet EZ Tag never filed a third-party action against these parties in the Texas action, nor did it name them in the present complaint.  (*Id.*, Exs. C & F, Infringement Contentions Chart, at 37-82.)  For whatever reason, EZ Tag chose to sue only Casio, and to demand payment from Casio for all its legal fees, including all its fees defending non-Casio products, all its fees extricating itself from the default judgment, and all its fees associated with its failed effort to transfer the Raylon litigation.  EZ Tag chose to sue only its former manufacturer Casio, and not its other (apparently current) manufacturers.

### B.   The Allegations of the Complaint

EZ Tag's substantive allegations against Casio consist of the following: (i) "Casio was a manufacturer and merchant regularly dealing in hand-held computing devices" (Complaint ¶ 8); (ii) EZ Tag "indirectly" purchased hand-held computing devices from Casio (*id.*, ¶ 9); (iii) Raylon filed a patent infringement suit against EZ Tag and Casio (*id.*, ¶ 6); (iv) all claims against Casio and EZ Tag were dismissed (*id.*, ¶ 14); (v) "Casio had a duty and obligation to indemnify

EZ Tag for defending again [sic] Raylon's patent infringement action" (*id.*, ¶ 16); (vi) Casio did not agree to indemnify EZ Tag, both "after the action commenced" and after the dismissal of Raylon's complaint (*id.*, ¶¶ 10, 15); and (vii) EZ Tag "was required to expend" money for attorneys' fees in connection with its defense of the Raylon action (*id.*, ¶ 11).  Based on these allegations alone, EZ Tag seeks indemnification from Casio "under Section 2-312 of the New York Uniform Commercial Code, under other applicable law and at common law."  (*Id.*, ¶ 16.)

The Complaint omits numerous key facts.  For example, the Complaint fails to provide any details concerning its "indirect" purchase of Casio products – there are no details concerning what products were purchased, from whom EZ Tag purchased the products, when the products were purchased, and what other EZ Tag products were at issue in the Raylon case.  The Complaint also does not address the fact that EZ Tag added software to the Casio device, which allowed the issuance and investigation of traffic citations.  The Complaint further fails to provide any details concerning EZ Tag's alleged requests for indemnification from Casio, including the dates of the requests, how the requests were effectuated, and the substance of the requests.  And finally, EZ Tag fails to mention whether it actually ***paid*** for its attorneys' fees, as opposed to merely being "required to expend" sums in connection with its defense.

## ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE *TWOMBLY/IQBAL* PLEADING STANDARD

#### A.   Standard of Review

The standard under Rule 12(b)(6) on a motion to dismiss is set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  550 U.S. 544, 555 (2007) (citations omitted).

Two years later, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Court reaffirmed that the

pleading rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation":

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face."  A claim
> has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.   The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.   Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"

*Id*. at 1937, 1949 (citations omitted).

In deciding a motion to dismiss, the Court can consider the following documents and

information:

> (1) facts alleged in the complaint and documents attached to it or incorporated in
> it by reference, (2) documents "integral" to the complaint and relied upon in it,
> even if not attached or incorporated by reference, (3) documents or information
> contained in defendant's motion papers if plaintiff has knowledge or possession
> of the material and relied on it in framing the complaint (4) public disclosure
> documents required by law to be, and that have been, filed with the Securities and
> Exchange Commission, and (5) facts of which judicial notice may properly be
> taken under Rule 201 of the Federal Rules of Evidence.

*Oberstein v. SunPower Corp*., 2010 U.S. Dist. LEXIS 41402, at *8-9 (E.D.N.Y. Apr. 28, 2010).

Moreover, courts routinely take judicial notice of court documents, like docket sheets,

complaints, and prior decisions, in deciding motions to dismiss.  *See, e.g., Mangiafico v.

Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the

court could take judicial notice."); *Combier-Kapel v. Biegelson*, 242 Fed. App'x 714, 715 (2d

Cir. 2007) (holding that district court properly considered hearing transcript from administrative

proceeding); *Bey v. City of New York*, 2010 U.S. Dist. LEXIS 99645, at *15 (S.D.N.Y. Sept. 20,

2010) (allowing consideration of "docket sheets, complaints and court decisions associated with

Plaintiffs' related prior actions" on motion to dismiss).  Further, a court may also consider "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Consistent with the foregoing principles, the Court may consider the docket sheets, court filings and infringement contentions from the Raylon litigation in deciding the present motion to dismiss.  These materials, coupled with the facially deficient Complaint, show that EZ Tag fails to satisfy the vigorous pleading standard imposed under *Twombly* and *Iqbal*, and that the Complaint should therefore be dismissed.

## II.   EZ TAG FAILS TO STATE A CLAIM FOR INDEMNIFICATION UNDER THE UCC

EZ Tag's Complaint is primarily based upon § 2-312 of the New York Uniform Commercial Code ("§ 2-312" or "Section 2-312") governing the "Warranty of Title and Against Infringement."  In relevant part, § 2-312 states: "[u]nless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like . . . ."  EZ Tag's § 2-312 claim fails for each of the following grounds: (i) EZ Tag has not pled that Raylon's claims were "rightful," nor can the Raylon claims ever be considered rightful in light of the order granting summary judgment of non-infringement (and EZ Tag should be judicially estopped from arguing otherwise); (ii) the Casio products were delivered free of Raylon's claims, and only were subject to Raylon's complaint due to EZ Tag's addition of software; and (iii) attorneys' fees are not recoverable in this situation under the UCC.  As set forth more fully below, each of these three grounds independently and separately justifies dismissal of the Complaint against Casio.

### A.    Raylon's Claim for Infringement Was Not "Rightful"

### 1.    EZ Tag's Failure to Sufficiently Plead

Section 2-312 specifically limits the warranty against infringement to "rightful" claims. *See 84 Lumber Co. v. MRK Techs., Ltd.*, 145 F. Supp. 2d 675, 680 (W.D. Pa. 2001) (interpreting an identical version of § 2-312 enacted in Pennsylvania, noting that to find a rightful claim the court "must have some indicia that [the infringement claims] ***had merit****,*" and that there must have been an "***adequate basis for***" the infringement claims) (emphases added).  Tellingly, EZ Tag's Complaint does not even assert that Raylon's claim for infringement was "rightful." Indeed, EZ Tag's Complaint admits just the opposite – that the Casio products were found to have never infringed the Raylon patent.  (Complaint ¶ 14.)  EZ Tag's pleadings thus do not state a claim upon which relief can be granted.

Moreover, allowing EZ Tag leave to plead this element of its claim would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying request to amend complaint where it would be futile).  The Raylon Court already addressed the validity of Raylon's infringement claim and has held (even on the high summary judgment standards) that it was meritless.  (*Stimpson Decl.*, Ex. G.)  EZ Tag reaped the benefit of that finding and all claims against EZ Tag were dismissed in the Raylon litigation.  Thus, EZ Tag's failure to plead a "rightful" claim at this juncture is not surprising because the Raylon Court already determined that Raylon's infringement claims had no merit.

### 2.    Judicial Estoppel:  EZ Tag's Summary Judgment Win

While EZ Tag was trying to extricate itself from a default judgment in the Raylon case, and was needlessly expending resources trying to transfer the Raylon case, Casio and other defendants filed and pursued motions for summary judgment of non-infringement.  (*Stimpson*

*Decl.*, Exs. A, B, C, & G.) Judge Davis granted all motions for summary judgment, and EZ

Tag's counsel was quick to jump on board when Judge Davis offered them the opportunity. (*Id.*,

Ex. E, at 33:17-21.)

Having pursued summary judgment in Texas on the grounds that there could be no

infringement, and having been successful in that effort, EZ Tag now should be estopped from

taking an entirely inconsistent position in this Court. That is, EZ Tag's current claim requires a

finding that the Raylon claims were "rightful," and thus is entirely inconsistent with the position

EZ Tag took (and won) in Texas. EZ Tag should be judicially estopped from its current position.

*See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997) (dismissing complaint where

plaintiff took a contrary position to that taken in an earlier action).

### 3. The Raylon Claims Were Entirely Meritless

Even if Judge Davis had not granted summary judgment, and even if EZ Tag had not

taken positions so wildly inconsistent with its current allegations, the EZ Tag claim for

indemnification would still be wrong because the Raylon allegations were utterly frivolous. As

one expert on the UCC has opined, "A rightful claim is one where the buyer or seller reasonably

believes that a third party's infringement charge would probably be upheld by the courts."

Dundine, *Warranties Against Infringement Under the Uniform Commercial Code*, 36 N.Y.S.B.F.

214, 219 (1964), *cited in* White & Summers § 9-12 at 538-539 (4th ed. 1995); *see also 84*

*Lumber Co.*, 145 F. Supp. 2d at 675 (indicia of merit and adequate basis for the infringement

allegation are required for a "rightful" patent infringement claim). The Raylon claims did not

even remotely approach the level of "rightful" claims.

The '589 patent describes an identification investigating and ticket issuing system.

Although there were numerous reasons why there was no infringement, Casio chose to focus its

summary judgment motion on a single claimed element of the patent-in-suit, which required a

"display being pivotally mounted on said housing."  (*See Stimpson Decl.*, Ex. G, at 3.)  Thus, the

patented system includes a device with a housing, and every claim of the '589 patent requires a

display that is pivotally mounted on the housing.  (*Id.*, Ex. H, at col. 7, lines 29-31, col. 8, lines

55-57, col. 9, lines 20-22).  The pivoting display is described in the specification (*id.*, at col. 5,

lines 58-61), and shown as element 39 in Figure 1, which is copied below next to a picture of an

accused Casio product:




As noted by the trial court, all of the products accused by Raylon, including the Casio models,

have displays that are rigidly mounted on the housing.  (*Id.*, Ex. G, at 11 ("It is undisputed that

the accused products all have displays that are fixed and do not move.")).

Raylon had argued that the Casio rigidly-fixed displays were "pivotally mounted"

***because a user could move a hand or wrist***.  (*Id.*, Ex. G, at 9-10.)  These allegations were

ridiculous, and the Raylon Court found no literal infringement, and found that an equivalents

argument "read the 'pivotal' claim limitation out of the claims."  (*Id.*, Ex. G, at 12.)  Summary

judgment of no infringement was granted for all defendants on every Raylon claim and for every

accused product.  (*Id.*)[3]

---

[3] After a long and detailed argument, the Raylon Court denied the requests for Rule 11 sanctions.
(*Stimpson Decl.*, Ex. E, at 38:14-21.)  The issue is being appealed to the United States Court of
Appeals for the Federal Circuit.  (*Id.*, Exs. A, B & C.)

The fanciful Raylon claims did not stop with the "pivotally mounted" display.  Every claim of the Raylon patent also required a means for reading a magnetic tape, and an elongated slot for receiving a card with a magnetic tape.  (*Id.*, Ex. H, col. 7, lines 17-19, 22-25, col. 8, lines 43-45, 48-51, col. 9, lines 7-9, 12-15.)  Raylon's infringement allegations asserted that Casio products with a ***bar code scanner*** met these requirements, even though they had absolutely no ability to read a magnetic tape or any slot to receive a card with a magnetic tape.  (*See, e.g., id.*, Ex. F, Infringement Contention Chart at 4-5.)  These elements were not raised in the Rule 11 motions because they had not been presented to the Raylon Court, but are before the Raylon Court now in connection with the pending motions for attorneys' fees and costs.

Thus, for many reasons, the Raylon infringement allegations were entirely meritless, consistent with the ruling of summary judgment of no infringement that EZ Tag obtained from the Raylon Court.

### B.    Casio Delivered the Accused Products Free From Raylon's Claims of Infringement

Section 2-312 imposes yet an additional hurdle that precludes EZ Tag's claim – the warranty of non-infringement only requires that the goods be ***delivered*** free of rightful claims of infringement.  § 2-312.  Consequently, if a buyer later modifies or uses the product in an infringing manner, the seller would have no obligation to indemnify the buyer for its infringing use.  *See Motorola, Inc. v. Varo, Inc.*, 656 F. Supp. 716, 717-18 (N.D. Tex. 1986) (dismissing third-party complaint for indemnification where third-party plaintiff modified product purchased from third-party defendant in an infringing manner); *Chemtron v. Aqua Prods.*, 830 F. Supp. 314, 315-16 (E.D. Va. 1993).

Here, Casio delivered its products free of any infringement allegations by Raylon.  It was only after EZ Tag added the software for issuing traffic citations that the products were accused

of infringement by Raylon.  This fact is evident in both the language of the '589 Patent as well as

the position taken by Raylon throughout the Texas litigation:

- All claims recite a "system for investigating an identification of a person and for issuing tickets. . . ," impossible without the EZ Tag software.  (*Stimpson Decl.*, Ex. H, col. 7, lines 9-10, col. 8, lines 33-34, 65-66.)

- Raylon's infringement contentions specifically define "Accused Instrumentality" as the "Casio IT 3000 and 3100 **with EZ Tag Programming**."  (*Id.*, Ex. F, Infringement Contention Chart at 1 (emphasis added.))

- At the summary judgment hearing and elsewhere, Raylon's counsel explained that "we filed the cases based on **differences in the integrators** that are integrating the different equipment together, so we filed three separate actions.  Complus is an integrator and EZ Tag is an integrator.  They take the equipment and integrate it into a bigger system."  (*Id.*, Ex. E, at 37:17-22.)

Thus, Raylon's claims arose from the combination of the EZ Tag software and the Casio

hardware.  The claim for indemnification therefore should be dismissed.  *See Motorola,* 656 F.

Supp. at 718 ("There is no warranty that a buyer's use of the good will be free of all

infringement."); *Chemtron*, 830 F. Supp. at 315 ("[§ 2-312] should not be construed to mean that

the buyer, after receiving a clean title to purchased goods, can subsequently incur a lien or

liability on the purchased goods by his own actions, and then impose such liability on the

seller.")  Likewise, in this case, EZ Tag's claim fails because the products as delivered did not

possess the traffic citation software.  Because the seller's warranty does not extend to EZ Tag's

addition of software, the Complaint should be dismissed.

### C.    EZ Tag is Not Entitled to Attorneys' Fees Under the UCC

Even if there was an indemnity obligation (there is not), the New York UCC does not

allow for the recovery of attorneys' fees here, because such a recovery was not expressly agreed

to by the parties.  *See Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 519, 381

N.Y.S.2d 459, 461-6, 344 N.E.2d 391 (1976) ("Generally, attorney's fees are not recoverable as

damages in an action for breach of contract under the Uniform Commercial Code or otherwise,

unless expressly agreed to by the parties."); *Neri v. Retail Marine Corp.*, 30 N.Y.2d 393, 401, 285 N.E.2d 311, 315, 334 N.Y.S.2d 165, 171 (1972).  EZ Tag has not alleged the existence of any contract with Casio, let alone one that would allow for the recovery of attorneys' fees.

Casio has not located any cases that have addressed the availability of attorneys' fees under the UCC where there has been a finding of no liability.  However, in *In Re O.P.M. Leasing Services*, the court found that a party was not entitled under the UCC to indemnification of attorneys' fees incurred in connection with the settlement of a third-party action involving a purported breach of the warranty of title.  61 B.R. 596, 604 (Bankr. S.D.N.Y. 1986).  As attorneys' fees are not recoverable even when they are incurred in connection with settlements, *a fortiori*, they cannot be recoverable when there has been a judicial determination of no liability, as is the case here.

The *O.P.M. Leasing Services* case also suggests that there is a limited exception to the general rule precluding attorneys' fees where such fees were incurred in defending an action with a third party caused by a breach of contract of another.  *Id.* at *601.  But this limited exception only applies where the plaintiff shows that the defendant's alleged breach was the direct or proximate cause of the third-party litigation and that the defendant had reason to foresee the third-party claim at the time a contract was entered.  *See id.; see also* Restatement Second of Contracts § 351 (1981) ("The party in breach is liable for the amount of any judgment against the injured party together with his reasonable expenditures in the litigation, if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract.").  EZ Tag cannot meet these requisite elements for several reasons.  First, EZ has not pled and cannot show that the Casio product unmodified by EZ Tag was the direct and proximate cause of the Raylon litigation.  Second, EZ Tag has not alleged, nor could it allege, that Casio

14

had any reason to foresee the Raylon litigation.  Even if Casio knew of the patent when it sold

the goods (it did not) Casio could have never foreseen that Raylon would argue that the rigidly

fixed Casio display was "pivotally mounted."  Third, EZ Tag would have to show that Casio

should have foreseen the Raylon litigation *at the time of a contract with EZ Tag*.  Here, EZ Tag

does not allege the existence of a contract with Casio, nor can it, as it concedes its purchases

from Casio were "indirect."  Consequently, EZ Tag cannot recover attorneys' fees.

### III.   EZ TAG'S COMMON LAW INDEMNIFICATION CLAIM SHOULD BE DISMISSED

EZ Tag's common law claim should be dismissed because "a valid claim for indemnity

requires at the very least, that the party seeking indemnification was '*held liable to the injured*

*party*.'"  *Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 434 (E.D.N.Y. 2009) (emphasis

added) (dismissing claim for implied indemnification for attorneys' fees that would have been

incurred in connection with the successful defense of action); *see also Foster Poultry Farms v.*

*Alkar-Rapidpak-MP Equip., Inc.*, 2011 U.S. Dist. LEXIS 61008, at *4-6 (E.D. Ca. June 8, 2011).

In *Foster,* the plaintiff buyer brought a claim for implied contractual indemnity against a seller

for attorneys' fees and expenses incurred in connection with the defense of a patent infringement

action that resulted in a dismissal.  2011 U.S. Dist. LEXIS 61008, at *11-13.  Although

California law applied, the court noted that under general indemnity principles, like New York

law, "there can be no indemnity without liability."  *Id*. at *12 (citations omitted).  The court

found that the plaintiff failed to state a claim for "implied contractual indemnity because there is

no allegation that [the defendant] was in any way liable to [the plaintiff in the patent

infringement action]."  *Id*.  The court also held that amendment would be futile because, in light

of the dismissal with prejudice of the patent infringement lawsuit against plaintiff, plaintiff

cannot allege that the defendant was liable to the party asserting the patent infringement action.

*Id*. at *13.  Like *Foster*, EZ Tag has not alleged that Casio was liable to Raylon in the Raylon

litigation.  Moreover, allowing EZ Tag leave to amend would be futile because EZ Tag cannot

allege that Casio was liable to Raylon in light of the Raylon Court's finding that it was, in fact,

not liable to Raylon.

Another reason there can be no indemnification is because common law indemnification

requires no fault on the part of the proposed indemnitee.  *Mancini v. CSX Transp., Inc*., 2010

U.S. Dist. LEXIS 75724, at *14-15 (N.D.N.Y July 27, 2010).  For the same reasons stated above

in Section II(B), and as shown in the Raylon Infringement Contentions, it was the addition of the

EZ Tag software that resulted in the frivolous Raylon infringement contentions, and so EZ Tag is

not free of fault as required for a claim of common law indemnification.

## IV.  EZ TAG'S COMPLAINT SHOULD BE DISMISSED AS TO CASIO COMPUTER FOR IMPROPER SERVICE

While the entire Complaint should be thrown out against both Casio entities based on its

failure to state a claim upon which relief may be granted, the Complaint should also be dismissed

against Casio Computer for insufficient service of process under Rule 12(b)(5) of the Federal

Rules of Civil Procedure.  EZ Tag attempted to serve Casio Computer in two ways – first, it sent

a letter with the summons and complaint to Casio's Tokyo headquarters by DHL, and second,

EZ Tag arranged for the Clerk to send a copy of the summons and complaint by DHL,

purportedly by Rule 4(f)(2)(C)(ii) of the Federal Rules of Civil Procedure.  (*Stimpson Decl*., Exs.

I & J; Docket No. 3.)  Casio Computer is a Japanese Corporation with its principal place of

business in Tokyo, Japan.  (Complaint ¶ 3.)

Courts in this District have repeatedly held service by postal channels do not constitute

adequate service of process in Japan.  *See, e.g., Casio Computer Co., Ltd. v. Sayo*, 1999 U.S.

Dist. LEXIS 14675, at 91 (S.D.N.Y. Sept. 20, 1999), *adopted by* 2000 U.S. Dist. LEXIS 15411

(S.D.N.Y. Oct. 20, 2000) (finding service by mail to be an inappropriate means of service on a Japanese citizen); *Fitzgibbon v. Sanyo Sec. Am., Inc.*, 1994 U.S. Dist. LEXIS 8386, at *28 (S.D.N.Y. June 21, 1994) (granting motion to dismiss for insufficient service of process where the only means of service on Japanese citizens and corporation was by mail); *Charas v. Sand Tech. Sys. Int'l, Inc.*, 1992 U.S. Dist. LEXIS 15227, at *9 (S.D.N.Y. Oct. 7, 1992) (dismissing complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process where service on Japanese citizen and corporation was attempted by mail).

As noted by each of these courts, Japan is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention.") *See Fitzgibbon*, 1994 U.S. Dist. LEXIS 8386, at *24. Japan has objected to Article 10(b) and (c) of Article 10 of the Hague Convention (which authorizes several means for transmitting judicial documents). *Id*. at *24. Japan has not specifically objected to Article 10(a) of the Hague Convention, addressing "the freedom to send judicial documents, by postal channels, directly to persons abroad," yet service by mail is not a recognized means of service of process under Japanese law. *Id*. at *26. As Japan itself does not recognize service of process by mail, various courts, including this district, have likewise declined to recognize service by mail on a Japanese citizen or corporation as a valid means of process. *Id*. at *7-8 (citing cases). Because EZ Tag's only attempts to serve process on Casio Computer were by mail – an unrecognized manner of service of process in Japan – its Complaint should be dismissed as to Casio Computer in its entirely under Rule 12(b)(5).[4]

---

[4] Rule 4(h)(2) allows service of a foreign corporation "at a place not within any judicial district of the United States, in any matter prescribed by Rule 4(f) for serving an individual." In light of Japan's agreement to the Hague Convention, service of process is governed by Rule 4(f)(1), and not Rule 4(f)(2) authorizing service by mailing by the Clerk, which only applies "if there is no internationally agreed means, or if an international agreement allows but does not specify other

## CONCLUSION

For the foregoing reasons, Casio's motion to dismiss should be granted in its entirety, and

the Complaint should be dismissed with prejudice.

Dated: New York, New York
July 29, 2011

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
30 Rockefeller Plaza
New York, New York 10112
(212) 643-7000

By:  s/ Scott D. Stimpson
SCOTT D. STIMPSON
KATHERINE M. LIEB

*Attorneys for Defendants*
*Casio Computer Co., Ltd. and*
*Casio America, Inc.*

---

means." To the extent Rule 4(f)(2) could apply, the Clerk's attempt at service by mail is only allowed "unless prohibited by the foreign country's law." Fed. R. Civ. P. 4(f)(C). As Japan prohibits service by mail, the Clerk's attempt to serve process by mail is likewise deficient.